UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
EARL C. ALEXANDER,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

                Defendant.

-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-05288-FB

*Appearances:*
*For the Plaintiff*:
CHARLES E. BINDER, ESQ.
Law Offices of Charles E. Binder and
Harry J. Binder, LLP
485 Madison Ave. Suite 501
New York, New York 10022

*For the Defendant*:
BREON PEACE
United States Attorney
Eastern District of New York
By: SEAN N. STEWART
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Earl Alexander seeks review of the Commissioner of Social Security's denial of his disability insurance benefits ("DIB") and supplemental income benefits ("SSI"). Both parties move for judgment on the pleadings. For the following reasons, Alexander's motion is granted, the Commissioner's motion is denied, and this case is remanded for further proceedings.

## I.

Earl Alexander applied for benefits on April 4, 2017. His claims were denied. On May 14, 2019, he had a hearing before ALJ Christine Cutter. On July 17, 2019, the ALJ found Alexander was not disabled. Alexander sought timely review. The Appeals Council denied review. This action followed.

Alexander was 50 years old at the onset of his disability. He has previously worked as a night auditor, security guard, and administrative clerk. The ALJ determined that he suffered from several severe impairments: depressive disorder, anxiety, and posttraumatic stress disorder. [1]

Beginning in October 2015, he was evaluated by Elsa Guerrero, M.S.W., Roberta Fernandez, M.S.W., Maria Gonzalez, M.H.C., Yanet De La Cruz, M.S.W, and James Herivaux, M.D. at the New York Psychotherapy and Counseling Center. His symptoms included: depressed moods, appetite fluctuations, feelings of hopelessness, agitation, constant worry, suspiciousness, sleep disturbance, lack of interests, anxiety, frustration, loneliness, panic attacks, racing heartrate, hand tremors, and auditory and visual hallucinations. He has had psychiatric hospitalization. He participated in weekly individual therapy from 2015 to 2019. At varying times, he has been prescribed Paxil, Klonopin, Xanax, Trazodone, Doxepin,

---

[1] Alexander included several other impairments in his application: a rod in his right leg, an amputated finger, coronary artery disease, and chronic obstructive pulmonary disease. The ALJ determined they were not severe, and Alexander does not contend otherwise.

Effexor, and Wellbutrin.

In May 2017, Dr. David Lefkowitz, Ph.D., a Social Security Administration consultative psychologist, evaluated Alexander, revealing visual hallucinations of his dead grandfather, anxious/agitated mood, impaired memory, and poor calculation. He was diagnosed with post-traumatic stress disorder, bipolar II disorder with delusions, and anxiety disorder. He opined that Alexander should only work in an environment that was "very structured, supervised, slow pace, accepting, part-time and with simple tasks."

In July 2018, Dr. Herivaux reported that Alexander had experienced decompensation and deterioration in work settings, that he had "moderate-to-marked" limitations, i.e. "symptoms frequently interfere" with completing a full workday, and that he would be absent from work more than three times a month.

A vocational expert determined that with his symptoms and expected absences from work, Alexander could not perform his past work nor any other employment. Alexander's own testimony matches these diagnoses.

The ALJ found that Alexander could not perform his past work. However, he retained the residual functioning capacity ("RFC") to perform "a full range of work at all exertional levels", but with "non-exertional limitations" of "simple, routine tasks for 2 hour blocks over the course of a normal work schedule." R. 21. He could adapt to "routine changes," make basic decisions, and "never work with the public."

3

*Id.* Alexander could be a kitchen helper, a cook helper, or a hospital cleaner.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

After March 27, 2017, the treating physician's medical opinion is no longer presumptively given controlling weight. 20 C.F.R. §§ 404.1520c(a). Rather, the persuasiveness of each medical source is evaluated according to several factors: supportability, consistency, relationship with claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c). Supportability and consistency are the most important. 20 C.F.R. §§ 404.1520c(a). The ALJ must articulate these considerations, including the persuasiveness of each source. *Id.*

## III.

The ALJ did not have substantial evidence to support her RFC determination. "Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has

4

improperly substituted his own opinion for that of a physician." *Hilsdorf v. Comm'r of Soc. Sec.,* 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010); *see also Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'") (internal citation omitted). "[The ALJ] cannot pick and choose evidence that supports a particular conclusion." *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) (internal citation omitted). For several reasons, the case must be remanded.

The ALJ erred when it found Dr. Herivaux's and Dr. Lefkowitz's opinions were "unpersuasive," because they were "not well-supported." R. 26-27. The ALJ explained that Dr. Herivaux's opinion was not supported by his own notes, because Alexander "often had a positive mood," "his medications were working to reduce symptoms," and Alexander was at times stable, well-groomed, and cooperative. R. 26. Similarly, the ALJ noted that Dr. Lefkowitz's opinion was vague and inconsistent with Alexander's "conservative treatment" and ability to live independently, cook, and clean. R. 27. This is improper. The ALJ is not a medical expert and may not rely on her own opinions about Alexander's symptoms. *See Rosa*, 168 F.3d at 79. In addition, the ALJ's perception of Alexander's "conservative treatment" is not substantial evidence. *See Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quoting *Shaw v. Chater,* 221 F.3d 126, 134-35 (2d Cir. 2000) (the ALJ "may not impose…[her] notion that the severity of a[n]…impairment directly

correlates with the intrusiveness of the medical treatment ordered")). Further, "[t]he treatment provider's perspective [is] all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations." *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018).

Instead, the ALJ relied on Dr. Hoffman, a consulting psychologist who did not examine Alexander. Dr. Hoffman opined that Alexander "had no prior history of psychiatric treatment or medications" and "that he cooks, cleans, shops, and takes public transportation." This is also improper. *See Green-Younger v. Barnhart*, 335 F.3d 99, 107-108 (2d Cir. 2003) ("[T]he reports of two SSA consulting physicians, who did not examine Green–Younger, are also not substantial evidence"); *see also Vargas v. Sullivan,* 898 F.2d 293, 295-96 (2d Cir. 1990).

The ALJ also erred by discounting Alexander's subjective statements. R. 22; *See Meadors v. Astrue*, 370 Fed.Appx. 179, 183-84 (2d Cir. 2010). Alexander's own statements support the diagnoses from both his treating psychiatrist and the agency's consulting psychologist. Despite that testimony, the ALJ found that Alexander had some residual functioning capacity because he was able to cook, clean, watch TV, go for walks, appear presentable at appointments, and take the bus. *See e.g*., R. 25-26. Again, the ALJ cannot cherry-pick facts to support her conclusion, nor can she

6

insert her own medical conclusions about the claimant's condition. *See Rosa*, 168 F.3d at 79; *Burgess*, 537 F.3d at 129.

And Alexander's ability to perform personal tasks should not outweigh the medical experts' opinions and Alexander's observed symptoms which include, what the government calls, "occasional hallucinations." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (claimant's daily activities did not provide evidence that he "engaged in any of these activities for sustained periods comparable to those required to hold a sedentary job."); *Scognamiglio v. Saul*, 432 F.Supp.3d 239, 252 (E.D.N.Y. 2020) (ALJ erred by discounting claimant's subjective allegations because she is able to drive, go for short walks, prepare simple meals, go outside, shop in stores, and go to church); *Cabibi v. Colvin*, 50 F.Supp.3d 213 (E.D.N.Y 2014) ("A claimant need not be an invalid to be found disabled.").

Finally, the ALJ is reminded that "[c]ycles of improvement and debilitating symptoms of mental illness are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019).

## CONCLUSION

For the foregoing reasons, Alexander's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED for further consideration.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 7, 2022

8